UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH A. WOD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-11164-NMG |
| KATHLEEN DENNEHY, JOHN MARSHALL, KEN CLACHERTY, CULLEN SHIPMAN and ARTHUR BREWER, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

REPORT AND RECOMMENDATION
ON MOTION FOR TEMPORARY RESTRAINING ORDER
AND ORDER ON PENDING MOTIONS.

February 24, 2009

SOROKIN, M.J.

In a Motion for Temporary Restraining Order (Docket# 59), Plaintiff Joseph Wood requests that the Court order the Defendants to provide him with treatment for Hepatitis C. Wood also moves for an expedited hearing, moves to strike Defendants Dennehy's and Marshall's oppositions to that motion and moves for court-appointed experts (a forensic hepatologist and/or a dermatologist) to aid his motion for a temporary restraining order.

Wood's Motion for Expedited Hearing (Docket #97) is DENIED. A hearing is unnecessary. The Motion to Strike (Docket #82) is DENIED. The motion is immaterial and also without merit. The motion for appointment of experts (Docket #75) is likewise DENIED.

1

Such testimony is not necessary for resolution of the motion for injunctive relief, which turns on whether or not Wood has been receiving Hepatitis C treatment, and the reasons therefore. The record reveals that it is undisputed that Wood suffers from Hepatitis C, but that he has not always received treatment, for reasons unrelated to diagnosis.

I recommend that the Court DENY AS MOOT the Motion for injunctive relief (Docket #59) in light of the Defendants' response establishing that they offered this treatment to Wood. Alternatively, I recommend that the Court DENY the Motion because Defendant Brewer's response establishes that at various times Wood has received treatment and that when he did not receive treatment, that circumstance resulted either from countervailing medical considerations, or (on at least one occasion), because Wood declined treatment.

I further recommend that the Court DENY Wood's Motion for Contempt (Docket #89). Because the Court has not entered an order on Wood's request for injunctive relief, there is no basis for a finding of contempt.

Finally, Wood also moves for an order compelling discovery, alleging that the Defendants' responses to his requests for admissions were non-responsive or incomplete. The Motion (Docket # 74) is DENIED WITHOUT PREJUDICE because Wood fails to comply with Local Rule 37.1(B), requiring that a party moving to compel discovery must set forth within the supporting memorandum the texts of both the request at issue and of the response(s) deemed inadequate.

Wood's Motion to Substitute Parties (Docket # 76) is DENIED.

Although a Rule 16 scheduling conference does not appear on the docket, the parties have engaged in discovery since the filing of this case in 2006. Accordingly, moving the case

forward to dispositive motions or trial appears appropriate at this time. The undersigned therefore further recommends that the Court establish a schedule for motions for summary judgment or, in the event no such motions are anticipated, that it convene an initial pretrial conference.[1]

/s/ Leo T. Sorokin

United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).